MAGGIE GEIR, RESPONDENT, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, INCORPORATED, APPELLANT.

Decided November 8, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Perkins & Drewen.*

For the respondent, *John H. Werther* (*Thomas F. Meany,* of counsel).

PER CURIAM.

The plaintiff-respondent was the beneficiary designated in a policy of insurance, issued by the appellant company on April 20th, 1927, to James Geir, for the sum of $310. On May 21st, 1927, Geir died. Due notice and proof of the death of the insured were given to the appellant company, and upon its refusal to pay, an action was instituted in the Second District Court of Jersey City, by the plaintiff-respondent, against the defendant-appellant, to recover the amount of insurance for which the deceased was insured for her benefit, and the case came on for trial before the court, sitting without a jury, resulting in a judgment for the plaintiff-respondent against the defendant-appellant, for the sum of $310 with costs. This judgment is now before us, on appeal, for review.

The grounds relied on in the brief of counsel of appellant, and argued before us are as follows: "The defendant offered proof by the witnesses Catherine Lewis and Michael Coper-

tino, tending to show that the deceased was not in sound health on the date of the policy. These witnesses were asked the following questions: 'Now, had he ever previous to within one year of March 19th, 1927, complained to you of being sick?' (Case, page 19, line 4.) 'Did he tell you about his health?' (Case, page 21, line 4). 'Did you ever have any conversation with the deceased about his health?'" (Case, page 23, line 13.)

It is argued that the trial judge overruled any offer of proof tending to show the unsound health of the insured at the time of his insurance. Referring to the state of the case we do not find any testimony which substantiates the statement made, or that the questions above recited were overruled. But, on the contrary, it appears, they were answered.

The defense set up in the appellant's answer is, that the policy of insurance was obtained by the deceased by a false representation made by him, in answering question sixteen, which question was, "are you now in sound health and free from all physical imperfections and infirmities?" to which question the insured answered "yes."

The appellant called the two witnesses mentioned, and sought to prove by them alleged declarations made by the deceased to them about his condition of health before and after the insurance. It appears that these declarations crept into the case, and also that the court gave no weight to them, for reasons which he stated, and though he may have given a wrong reason why he thought that the declarations were inadmissible and of no probative value, we think, however, he reached a proper result.

In *Henn* v. *Metropolitan Life Insurance Co.* (*Court of Errors and Appeals*), 67 *N. J. L.* 310, the fourth headnote reads: "In an action on a policy on the life of one for the benefit of another the declaration of the insured before or after the insurance are not competent evidence against the beneficiary unless part of the *res gestae*."

The cited case controls the situation here.

The judgment is affirmed, with costs.